ELIZABETH TRUST COMPANY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ELIZABETH A. SCHMIDT, DECEASED, RESPONDENT, v. E. ROGERS UNDERWOOD, APPELLANT.

Submitted November 10, 1924—Decided January 19, 1925.

In an action brought upon a promissory note, defendant counter-claimed upon a failure of consideration and fraud and deceit in the making of the note, but failed to support either ground by evidence adduced at the trial. *Held*, that a direction of a verdict against the defendant on his counter-claim, and in favor of the plaintiff upon the note, was right.

On appeal from the Supreme Court.

For the appellant, *Spaulding Frazer.*

For the respondent, *Stamler, Stamler & Koestler.*

The opinion of the court was delivered by

CAMPBELL, J. This action was to recover a balance of $4,000 and interest upon a note originally in the sum of $33,500, given by appellant to Henry Schmidt and Elizabeth A. Schmidt as consideration for stock representing their interest in the Fulton Specialty Company, a corporation of this state.

Both payees are deceased. Henry Schmidt predeceased his wife, and by his last will and testatment devised and bequeathed to her all his estate, including the note in question.

Elizabeth A. Schmidt left a last will and testament naming respondent as her executor.

The original note was given August 21st, 1917.

Appellant in his answer admits the execution and delivery of the original note and the several payments made by him thereon, but alleges a failure of consideration to the extent of two-thirds thereof, upon the theory that the Schmidts represented that they were the owners of stock of said com-

pany in the sum of $150,000 par value, being all of the stock thereof, while, in fact, the total stock of the company was $50,000 par value, all of which they sold and assigned to him.

Appellant also counter-claims upon two separate grounds, viz.—(a) Failure of consideration, and (b) fraud and deceit, alleging as the damage payment of federal income taxes in the sum of $8,511.49 in excess of what would have been paid had the total capitalization of the company been $150,000 instead of $50,000.

The trial court directed a verdict against appellant upon his counter-claims, and also against him and in favor of respondent for the sum of $4,000 and interest, being the balance due upon the note. From the judgment entered thereon the present appeal is taken.

We find there was no error in such direction. There was no evidence to support appellant's counter-claims of fraud and deceit or partial failure of consideration.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLEN-NON, KAYS, JJ. 15.

*For reversal*—None.